## *In re* WM. H. BLUMER & Co., Bankrupts.*

(*District Court, E. D. Pennsylvania.*  September 8, 1882.)

BANKRUPTCY—PARTNERSHIP—GUARANTY BY ONE PARTNER OF FIRM OBLIGATION.
  Where, after the failure of a firm, and while they are endeavoring to settle with their creditors, one partner, at the request of a holder of a firm obligation, guaranties its payment, such guaranty is without legal effect and does not entitle the holder to prove against the separate estate of the guarantor upon a subsequent adjudication of bankruptcy.

Exceptions to report of register disallowing the claim of Ephraim Knauss against the separate estate of Jesse M. Line, a member of the firm of W. H. Blumer & Co., bankrupts.

The testimony before the register was to the effect that after the firm of W. H. Blumer & Co. had failed, and while they were endeavoring to settle with their creditors, but before any suits had been brought or the bankruptcy proceedings commenced, Mr. Knauss, who was the holder of a certificate of deposit for $1,575, issued by said firm in the course of their business as bankers, called at the place of business of the firm, and saw Jesse M. Line, one of the partners, who assured him that the claims would all be paid.  Two days afterwards Knauss called, with the following guaranty indorsed on the certificate, viz., "I guaranty the payment of the within certificate," and asked Mr. Line to sign it, which the latter did.  Subsequently bankruptcy proceedings were commenced against the firm, under which they were adjudicated bankrupts.  Mr. Knauss then made claim against the separate estate of Jesse M. Line upon the guaranty.  The register (Edwin T. Chase) was of opinion that there was no consideration for

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

the guaranty, and disallowed the claim. Exceptions were filed to this ruling.

*W. H. Sowden,* for exceptant.

*John Rupp,* for other creditors.

BUTLER, D. J. This exception must be dismissed. Mr. Line's indorsement on the certificate was without any legal effect. It was in terms a guaranty of his own debt. As a member of the firm which issued the certificate, he was liable to be called upon individually to pay it, and his guaranty was therefore unmeaning. The creditor obtained no additional obligation whatever, and has no right to participate in the distribution of the debtor's individual estate at this time.